**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  05-CR-0068-001-CVE |
| | ) | (06-CV-0597-CVE-PJC) |
| WALTER BROWN EWING, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On October 26, 2006, defendant Walter Brown Ewing ("Ewing"), a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 199). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." For the reasons discussed below, the Court finds defendant's § 2255 motion should be denied.

As a preliminary matter, defendant filed a Motion for Court Transcripts (Dkt. # 186) on May 15, 2006. At that time, prior to the filing of his § 2255 motion, the Court had no authority to consider defendant's request. Both 28 U.S.C. § 753(f) and 28 U.S.C. § 2250 require that a § 2255 proceeding be pending when a request for transcripts is made. Further, the Court is not required to provide copies of transcripts or other documents prior to the filing of a § 2255 motion. Because his request for transcripts was "for the purpose of filing a 28 § 2255 [sic]," and defendant has since filed a § 2255 motion, the Court finds that the motion for transcripts (Dkt. # 186) is  moot.

**I.**

Ewing was charged with the following counts: (1) conspiracy in violation of 18 U.S.C. § 371 [Count One]; (2) three counts of aiding and abetting others in the commission of bank fraud, in violation of 18 U.S.C. § 1344(1) and 18 U.S.C. § 2 [Counts Two, Three, and Four]; (3) two counts of bank fraud, in violation of 18 U.S.C. § 1344(1) [Counts Ten and Eleven]; (4) three counts of possession of stolen mail matter, in violation of 18 U.S.C. § 1708 [Counts Five, Seven, and Fourteen]; (5) possession of a firearm and ammunition after a former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1) [Count Six]; and (6) aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5) [Count Twelve].[1]  Dkt. # 13.  The Court appointed Julia O'Connell, Assistant Federal Public Defender, to represent defendant on March 23, 2005.  Ms. O'Connell represented Ewing through August 15, 2005 (after the change of plea and before sentencing), at which time Ms. O'Connell withdrew as counsel of record for defendant and the Court appointed Stephen Knorr, a panel attorney under the Criminal Justice Act and former Federal Public Defender, to represent defendant.  Dkt. # 95.

On June 17, 2005, defendant executed a petition to enter a plea of guilty and a plea agreement.  Dkt. # 80.  He pled guilty to Count One of the indictment, conspiracy in violation of 18 U.S.C. § 371, and to Count Fourteen, possession of stolen mail matter in violation of 18 U.S.C. § 1708.  Dkt. # 80-2, at 9.  Defendant's plea agreement contains a detailed waiver of appellate and post-conviction rights ("the waiver"), which includes the following terms:

a.  The Defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291; and

b.  The Defendant reserves the right to appeal from a sentence which exceeds the statutory maximum; and

---

[1]  Ewing was not charged in Counts Eight, Nine, Thirteen, or Fifteen; another defendant was charged in those counts.  See Dkt. # 13.

2

c.     The Defendant expressly acknowledges and agrees that the United States reserves all right to appeal the Defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker* and *U.S. v. Fanfan*, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005); and

d.     <u>The Defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver.</u>

<u>Id.</u> at 11 (emphasis added).

The plea agreement also contains the following sentencing provision:

The Defendant acknowledges that the maximum statutory sentence under 18 U.S.C. § 371 is imprisonment not to exceed five (5) years, a fine not to exceed $250,000.00, or twice the pecuniary gain/loss caused by the Defendant's acts, or both such imprisonment and such fine.  The maximum statutory sentence under 18 U.S.C. § 1708 is imprisonment and such fine.  The maximum statutory sentence under 18 U.S.C. § 1708 is imprisonment not to exceed five (5) years, a fine not to exceed $250,000.00, or twice the pecuniary gain/loss caused by the Defendant's acts, or both such imprisonment and such fine.  <u>Thus, the total maximum statutory sentence, upon conviction of both Count One and Count Fourteen, is imprisonment not to exceed (10) years</u>, a fine not to exceed $500,000.00 or twice the pecuniary gain/loss caused by the Defendant's acts, or both such imprisonment and such fine.

<u>Id.</u> at 17 (emphasis added).  In his petition to enter a plea of guilty, defendant signed the following

statement:

My attorney has informed me the plea of GUILTY will subject me to a punishment of incarceration, which, as provided by law for ***each count*** (One and Fourteen) is: up to five (5) years' imprisonment, a fine of up to two hundred fifty thousand dollars ($250,000.00) or twice the pecuniary gain or loss caused by my acts, and a mandatory monetary assessment of one hundred dollars ($100.00).  <u>Thus, the maximum possible sentence I could receive for both counts is ten (10) years' imprisonment</u>, fines of up to five hundred thousand dollars ($500,000.00) or twice the pecuniary gain or loss caused by my acts, and a mandatory monetary assessment of two hundred dollars ($200.00).

<u>Id.</u> at 3 (emphasis concerning maximum possible sentence added; other emphasis in original).

At the change of plea hearing on June 17, 2005,[2] the Court reviewed with defendant in detail the waiver of appellate and post-conviction rights:

> COURT: Do you understand that in your plea agreement, there is a very specific and detailed appellate and post-conviction waiver?
> DEFENDANT: Ma'am, yes, ma'am.
> COURT: All right.  I want to review that with you to make sure you understand.  Do you understand that in consideration of the promises and concessions made by the United States in the plea agreement, you are knowingly and voluntarily agreeing to the following: One, that you waive the right to directly appeal the conviction and sentence pursuant to 28 U.S.C., Section 1291?
> DEFENDANT: Ma'am, yes, ma'am.
> COURT: Two, that you are reserving your right to appeal from a sentence which exceeds the statutory maximum?
> DEFENDANT: Ma'am, yes, ma'am.
> COURT: Three, that you are expressly acknowledging and agreeing that the United States reserves all rights to appeal your sentence as set forth in 18 U.S.C. Section 3742(b) and Booker and Fanfan cases?
> DEFENDANT: Ma'am, yes, ma'am.
> COURT: Fourth, that you are waiving your right to collaterally attack the conviction and sentence pursuant to 28 U.S.C., Section 2255, except for claims based on ineffective assistance of counsel, which challenge the validity of the guilty plea or your waiver of appellate and post-conviction rights?
> DEFENDANT: Ma'am, yes, ma'am.
> COURT: And fifth, you are waiving the right to have the sentence modified pursuant to 18 U.S.C., Section 3582(c)?
> DEFENDANT: Ma'am, yes, ma'am.
> COURT: Finally, do you understand that you are expressly acknowledging and agreeing that counsel has explained your appellate and post-conviction rights, that you understand those rights, and that you [are] knowingly and voluntarily waiving those rights as set forth in the plea agreement?
> DEFENDANT: Ma'am, yes, ma'am.

Dkt. # 214, at 20-21.

The Court also reviewed with defendant the maximum statutory sentence.  Defendant was asked, "Do you understand that the maximum sentence which may be imposed by the Court may

---

[2]     At this hearing, Ewing was represented by Rob Ridenour, another Assistant Federal Public Defender, acting for Julia O'Connell.

include a term of imprisonment not to exceed five years for Count 1 and five years for Count 2[3]?" Id. at 14.  Later in the hearing, the Court asked defendant: "Do you understand that under United States v. Booker, this Court may impose any reasonable sentence not greater than the ten-year statutory maximum?"  Id. at 19.  Defendant answered in the affirmative.  Id.  At the conclusion of the hearing, the Court concluded that "defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."  Id. at 30.

On October 25, 2005 defendant filed an objection to the Presentence Investigation Report ("PSR"). Dkt. # 134.  He objected to the inclusion of a four-level increase, pursuant to U.S.S.G. § 3B1.1, in the advisory Guidelines offense level calculation on the ground that he was an organizer or leader of a criminal enterprise involving five or more individuals.  Id. at 1.  This was the only objection to the PSR.  At the sentencing hearing on October 28, 2005, the Court granted in part and denied in part defendant's motion.  After a lengthy evidentiary hearing, it found that Ewing was "at least a supervisor or manager of the operation, and therefore three points are appropriate for his role as manager/supervisor." Dkt. # 213, at 251-52.

At the October 28, 2005 sentencing hearing, the Court found that defendant's criminal history placed him in category VI and the total offense level was 26.  Dkt. # 213, at 252.  Thus, the advisory Guideline imprisonment range was from 120 to 150 months.  Id.  It found that, because the statutory maximum term of imprisonment was 120 months, the United States' motion for an upward

---

[3]      As noted above, Ewing pled guilty to Count One and Count Fourteen.  When the Court said "Count 2," it clearly referred to the second count to which defendant pled guilty: Count Fourteen.

departure (Dkt. # 138) was moot.  Id.  The Court then sentenced defendant to a prison term of 120 months – 60 months as to Count One, and 60 months as to Count Fourteen –  to be served consecutively.  Dkt. #148. The Court further ordered defendant to pay restitution in the amount of $11,540.81 and pay a special monetary assessment of $200.  Id.  Defendant did not directly appeal his conviction or sentence.

## II.

In his § 2255 motion, Ewing challenges his sentence on the grounds that (1) he received ineffective assistance of counsel because his counsel failed to appeal his sentence for being in excess of the statutory maximum; (2) he received ineffective assistance of counsel when "his counsel failed to note and argue that the sentence of 120 months confinement violated due process because the sentence was greater than the 'statutory maximum' allowable sentence for the offense(s) of conviction;" and (3) he received ineffective assistance of counsel because his counsel failed to appeal the Court's sentence of consecutive[4] terms of imprisonment.  Dkt. # 199, at 3.

## A.

Defendant's conviction became final on November 7, 2005, or ten (10) days after entry of his judgment when his time for appeal expired.  Fed. R. App. P. 4(b)(1)(A)(i); United States v. Burch, 202 F.3d 1274, 1278-79 (10th Cir. 2000).  Therefore, defendant had until November 7, 2006 to file a timely § 2255 motion.  Since he filed this § 2255 motion on October 26, 2006, his motion is timely.

---

[4]     Defendant uses the term "cumulative" instead of "consecutive."  Based on the context of his arguments, defendant clearly objects to the imposition of consecutive terms of imprisonment.

**B.**

As noted in Section I, defendant's plea agreement contained the following appellate and post-conviction waiver:

> The Defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver.

Dkt. # 80, at 11.  The United States requests that the Court enforce the waiver and therefore deny defendant's § 2255 motion.

Under <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir.2004), a defendant's waiver of his appellate rights is binding when (1) the scope of the waiver covers the disputed appeal or collateral attack; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice.  The same standard applies to waivers of collateral review.  <u>See</u> <u>United States v. Wales</u>, 2006 WL 950655, at * 2 (10th Cir. April 13, 2006).

1.    <u>Scope of Waiver</u>

To determine whether the disputed issues fall within the scope of the waiver, a court considers the plain language of the agreement. <u>United States v. Anderson</u>, 374 F.3d 955, 957 (10th Cir. 2004).  It construes the plea agreement and post-conviction waivers "according to contract principles and what the defendant reasonably understood when he entered his plea," <u>United States v. Arevalo-Jimenez</u>, 372 F.3d 1204, 1206 (10th Cir. 2004) (citation omitted), and resolves any ambiguities against the United States.  <u>Hahn</u>, 359 F.3d at 1325.  Here, under the plain language of the plea agreement, defendant agreed to a broad and unambiguous waiver of his post-conviction rights, except for the narrow set of ineffective assistance of counsel claims involving the validity of

his guilty plea or his waiver.  The three grounds upon which defendant brings his § 2255 motion fall

squarely within the waiver.

2.      Knowing and Voluntary

When deciding whether a waiver is knowing and voluntary, a court looks to two factors: (1)

whether the language of the plea agreement states that the defendant entered the agreement

knowingly and voluntarily, and (2) the adequacy of the Fed. R. Crim. P. 11 colloquy.  Hahn, 359

F.3d at 1325.  A defendant bears the burden of showing that he did not knowingly and voluntarily

enter into his plea agreement.  Id. at 1329.  Here, the plea agreement and the petition to enter a plea

of guilty, both signed by defendant, specifically stated that he entered the plea agreement knowingly

and voluntarily.  Additionally, the Court conducted a thorough Fed. R. Crim. P. 11(b)(2) plea

colloquy before accepting defendant's guilty plea.  It addressed the defendant personally and

ensured that the plea was voluntary and did not result from force, threats, or promises other than the

promises contained in the plea agreement.  See Dkt. # 214, at 12-13, 30.  The Court also reviewed

with defendant in detail the appellate and post-conviction waiver.  Defendant indicated that he

understood the terms of the waiver.  Therefore, the Court finds that defendant knowingly and

voluntarily waived his right to collaterally attack his sentence.

3.      Miscarriage of Justice

An appellate or post-conviction waiver results in a miscarriage of justice, as may preclude

its enforcement, only (1) where the district court relied on an impermissible factor such as race, (2)

where ineffective assistance of counsel in connection with the negotiation of the waiver renders the

waiver invalid, (3) where the sentence exceeds the statutory maximum, and (4) where the waiver is

otherwise unlawful.  Hahn, 359 F.3d at 1327.  A defendant has the burden of showing that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.

Defendant has not made any arguments with respect to the first factor.  With respect to the second factor, when a defendant premises his § 2255 motion on ineffective assistance of counsel, the defendant demonstrates miscarriage of justice when the ineffective assistance is "in connection with the negotiation of the waiver." Hahn, 359 F.3d at 1327. "[A] plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (2001).  Here, defendant claims he received ineffective assistance of counsel; however, none of defendant's three ineffective assistance of counsel claims relates to his attorney's negotiation of the waiver or challenges the validity of the plea itself.

With respect to the third factor, to the extent that defendant argues that his sentence exceeds the statutory maximum and thus enforcement of the plea agreement would result in a miscarriage of justice,[5] the Court rejects that argument.  For Hahn purposes, the "statutory maximum" refers to the upper limit of punishment that the legislature has specified for the violation.[6] See United States

---

[5]    Although all three of defendant's grounds for relief under § 2255 are ineffective assistance of counsel claims, the first and second grounds rest on the argument that defendant's sentence exceeded the statutory maximum.

[6]    Defendant's reliance on Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. Washington, 543 U.S. 220 (2005), is therefore misplaced.  Moreover, defendant incorrectly argues that he was sentenced in excess of the Guideline maximum.  In fact, the Guideline range was 120 months to 150 months.  Defendant was sentenced to the low end of the advisory Guideline range, as dictated by the statutory maximum.

v. Green, 405 F.3d 1180, 1193 (10th Cir. 2005).  Defendant's prison term of 120 months equals, but does not exceed, the statutory maximum pursuant to 18 U.S.C. § 371[7] and 18 U.S.C. § 1708.[8] Indeed, the plea agreement and the petition to enter a plea of guilty clearly specified that the maximum sentence defendant could receive was ten years imprisonment.  The Court also explained to defendant the maximum imprisonment term before accepting his guilty plea.

Finally, with respect to the fourth factor, a waiver is "otherwise unlawful" only if a court committed plain error that affects a defendant's "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993); see also Hahn, 359 F.3d at 1327, 1329.  To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotations and citations omitted); see also Hahn, 359 F.3d at 1327, 1329.  The Court concludes that enforcement of defendant's collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  In sentencing defendant, the Court did not commit any error that affected defendant's substantive rights.

---

[7]     18 U.S.C. § 371 reads, in pertinent part: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy each shall be fined under this title or imprisoned not more than five years, or both." (Emphasis added).

[8]     18 U.S.C. § 1708 reads, in pertinent part: "Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; . . . . Shall be fined under this title or imprisoned not more than five years, or both." (Emphasis added).

In summary, the Court finds that defendant's waiver of his right to collaterally challenge his conviction and sentence should be enforced. Thus, it need not address the merits of his § 2255 motion.[9]

----

[9]    Although it need not reach the issue, the Court notes that defendant's arguments would fail on the merits.  With respect to his first two ineffective assistance of counsel claims, defendant was not sentenced in excess of the statutory maximum.  See supra Section II(B)(3).  Because defendant's sentence was legal and within the statutory maximum, defendant was not denied effective assistance of counsel when his counsel did not appeal on the ground that the sentence exceeded the statutory maximum.

With respect to his third ineffective assistance of counsel claim concerning his consecutive sentences, the Court correctly sentenced defendant to consecutive terms of imprisonment. U.S.S.G.§ 5G1.2(d) states:

> [i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

"Total punishment," as defined in the commentary to the Guidelines, means the "combined length of sentences."  U.S.S.G. § 5G1.2(d) cmt. n.1.   It is "determined by the court after determining the adjusted combined offense level and the Criminal History Category."  Id. "In other words, 'the total punishment' is the sentence arrived at for all counts through application of the Guidelines, including determination of the base offense levels, application of grouping provisions, and calculation of other adjustments."  United States v. Lott, 310 F.3d 1231, 1242 (10th Cir. 2002).

Here, as noted above, the statutory maximum for each of the charges under Counts One and Fourteen was a sentence of five years imprisonment.  Because the "highest statutory maximum [was] less than the total punishment," the Court ruled that the sentence for the two counts should run consecutively so as to achieve a sentence as close to the advisory Guideline range as possible.  Dkt. # 213, at 256.  Given that the Court correctly imposed consecutive terms of imprisonment totaling 120 months under U.S.S.G.§ 5G1.2(d), defendant's counsel was by no means ineffective in failing to appeal the consecutive sentences.

11

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 199) is **denied**.  Defendant's Motion for Court

Transcripts (Dkt. # 186) is **moot**.

**DATED** this 24th day of April, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT