IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-CR-0068-001-CVE |
| v. ) | |
| ) | USM Number: 09703-062 |
| WALTER BROWN EWING, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for reconsideration (Dkt. # 357). Defendant requests that the Court reconsider the sentence imposed upon revocation of his terms of supervised release based upon the nature of his violations, factors not presented to the Court at the time of sentencing involving the defendant's personal characteristics, and sentencing disparity created by the sentence imposed. The Court interprets defendant's motion as seeking a reduction in sentence.

On October 28, 2005, defendant appeared for sentencing following his plea of guilty to count one – conspiracy, in violation of 18 U.S.C. § 371, and count fourteen – possession of stolen mail, in violation of 18 U.S.C. § 1708. Defendant was sentenced to sixty-months custody of the Bureau of Prisons as to each of counts one and fourteen, said counts to run consecutively, for a total term of 120 months. The Court imposed three-year terms of supervised release in counts one and fourteen, said terms to run concurrently, each with the other. Standard conditions of supervised release were imposed, along with two special conditions – a search condition and financial conditions. On June 15, 2016, defendant's three-year terms of supervised release were revoked following his stipulation that he had violated standard condition of supervised release number seven by testing positive for methamphetamine on five occasions and standard condition number nine by failing to submit to urinalysis testing on four occasions. The violations stipulated to resulted in a

guideline range of imprisonment of 8 to 14 months. On July 1, 2016, the Court sentenced the defendant to fourteen-months custody of the Bureau of Prisons as to each of counts one and fourteen, said counts to run concurrently, each with the other. A term of supervised release of twenty-two months per count was also imposed, each term to run concurrently with the other.

The Court does not have the authority to reconsider and reduce defendant's sentence. A district court's authority to reconsider sentencing may stem only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so; therefore, a district court does not have inherent power to resentence defendants at any time); and 18 U.S.C. § 3582(b). See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; and United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence).

Further, even if authorized to reduce the sentence as requested by defendant, the Court would not do so because the sentence was correctly imposed. The Court gave the defendant and his counsel the opportunity to speak and present information to mitigate defendant's sentence at the sentencing hearing, as required under Fed. R. Crim. P. 32(i)(4). The Court sentenced the defendant at the upper end of the applicable guideline range set forth in the 2015 Guidelines Manual. District courts are not bound by the Guidelines, but must consult the Guidelines and take them into account

when sentencing.  <u>United States v. Booker</u>, 543 U.S. 220, 245–246, 259, 264 (2005). The Court considered the Guidelines along with the factors set forth at 18 U.S.C. § 3553(a), and imposed a sentence that the Court believed to be sufficient but not greater than necessary to comply with the goals of sentencing set forth by Congress.

Defendant's request for reduction of sentence must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration (Dkt. # 357) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 22nd day of July, 2016.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE